IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED
JUN 1 1 2024
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DOUGLAS ASHBY,

        Petitioner,

v.                                                                                          Criminal No. 4:14-cr-59-3

UNITED STATES OF AMERICA,

        Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Douglas Ashby's ("Petitioner") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) ("Motion"). ECF No. 486 ("Mot."). The Government opposed the Motion. ECF No. 490 ("Resp. Opp'n"). Petitioner did not file a reply. This matter is now ripe for judicial determination. For the reasons below, Petitioner's Motion is **DISMISSED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

On March 9, 2015, Petitioner was named alongside five co-defendants in a seventeen-count Second Superseding Indictment. ECF No. 15. Petitioner was charged with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); Interference with and Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts 3 and 9); and Use of a Firearm Resulting in Death, in violation of 18 U.S.C. §§ 924(c)(1) and (j) and (2) (Count 12). *Id.*

On November 12, 2015, Petitioner pled guilty to Count 1 of the Second Superseding Indictment. Plea Agreement, ECF No. 140. According to the Statement of Facts, Petitioner was involved in a drug-trafficking enterprise called "Thug Relations" or "TR" that engaged in the

1

distribution of marijuana and cocaine base. Statement of Facts ¶¶ 1–3, ECF No. 141. In furtherance of the enterprise and to establish dominance over the drug trade in its territory, Petitioner engaged in acts of violence leading to the Second Superseding Indictment. *Id.* ¶ 3 In May 2005, Petitioner fired a gun at M.W., an affiliate of a gang feuding with TR, striking M.W. in the mouth and shoulder. *Id.* ¶¶ 3, 7. In July 2007, Petitioner shot at Aaron Sumler and was involved in killing him for selling cocaine base within TR's territory. *Id.* ¶¶ 3, 8. In January 2008, Petitioner attempted to rob an individual, R.L., of exotic marijuana at his residence, but when another person, B.L., answered the door and refused to let Petitioner and others inside, Petitioner and another TR member shot through the door and struck B.L. in the chest. *Id.* ¶¶ 3, 9. Finally, in January 2010, Petitioner drove with other TR members to the apartment of a suspected heroin and marijuana dealer, J.T., to rob him. *Id.* ¶¶ 3, 10. During the robbery, another TR member shot Lloyd Robinson in the back of the head, killing him. *Id.* ¶ 11. Petitioner carried a firearm during the robbery, and he and other members stole two laptops, marijuana, and jewelry from J.T.'s apartment. *Id.*

The Presentence Investigation Report assessed Petitioner with a total offense level of 43, a criminal history category of III, and a recommended Guideline sentence of life in prison. Presentence Investig. Rep. at 26, ¶¶ 108–106, ECF No. 479. On March 14, 2016, the Court sentenced Petitioner to 412 months in prison, followed by 5 years of supervised release. J., ECF No. 188. This sentence runs concurrently with Petitioner's 60-month sentence imposed on December 3, 2012, on Count 1 in the case at docket number 4:11-cr-89, and it runs consecutively to the 120-month sentence imposed on Count 13 on the same date in that same case. *Id.* Petitioner is incarcerated at FCI Petersburg Medium with a projected release date of September 21, 2049. ECF No. 487 at 2.[1]

---

[1] *See also* Fed. Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited June 11, 2024) (listing Petitioner's release date as September 21, 2049).

2

On October 19, 2023, Petitioner filed a *pro se* motion for compassionate release ("*pro se* Motion"). ECF No. 476 ("Pro Se Mot."). On January 26, 2024, Petitioner filed this Motion through counsel. On February 22, 2024, the Government filed its response in opposition. Petitioner did not file a reply.

## II.   LEGAL STANDARD

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("[Section] 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies . . . ."). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). The threshold requirement is a non-jurisdictional claim-processing rule, and thus may be waived or forfeited if not timely raised. *Id.* at 129–30 (collecting cases).

## III. DISCUSSION

Petitioner has not satisfied the threshold requirement. In his *pro se* Motion, Petitioner claims he exhausted his administrative remedies after submitting a request for compassionate release to the warden of FCI Petersburg and references an "Exhibit A, Request to Warden." Pro Se Mot. at 3. But no exhibits or letters are attached to the *pro se* Motion. Petitioner's counsel also provides no documentation or other verification that Petitioner ever requested compassionate release from the warden, and instead reiterates Petitioner's unproven claim in his *pro se* Motion. *See* Mot. at 2. The Government contends that Petitioner never filed such a request and provides an exhibit showing that BOP has no record of any request from Petitioner. Resp. Opp'n at 10, Ex. 2.

Petitioner must provide proof from the BOP that he submitted a request for compassionate release at least 30 days before filing for relief in this Court. *See United States v. Wilson*, No. 21-7061, 2021 WL 6116837, at *1 (4th Cir. Dec. 27, 2021) (finding the defendant failed to provide "objective evidence to establish his satisfaction of the statutory threshold requirement"). Because neither Petitioner nor his counsel can prove that he met the threshold requirement and the Government timely raised the issue, the Court does not have the authority to consider Petitioner's compassionate release request, and his Motion must be dismissed. *See Muhammad*, 16 F.4th at 129 (discussing threshold requirement which "plainly requires [the petitioner] to complete certain steps before filing his motion in the district court").

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Compassionate Release is **DISMISSED.** ECF Nos. 476, 486. Petitioner may renew his request for compassionate release once he exhausts his administrative remedies or 30 days after he makes an initial request to the BOP.

The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United

States Attorney, the United States Probation Office, the Federal Bureau of Prisons.

**IT IS SO ORDERED.**

Newport News, Virginia
June 11, 2024

/s/
Raymond A. Jackson
United States District Judge

5